CLOSED



FILED
CLERK, U.S. DISTRICT COURT
6/6/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: CD DEPUTY

# U.S. District Court [LIVE]
## Western District of Texas (El Paso)
## CRIMINAL DOCKET FOR CASE #: 3:22−mj−01282−ATB−1

`2:22-mj-02078-DUTY`

Case title: USA v. Glass

Date Filed: 05/27/2022
Date Terminated: 06/03/2022

Assigned to: Judge Anne T. Berton

### Defendant (1)

**Kevin Alan Glass**
*TERMINATED: 06/03/2022*

represented by **Michael John Khouri**
Khouri Law Firm, PLLC
8150 N. Central Expressway, 10th Floor
Dallas, TX 75206
(949) 336−2433
Fax: (949) 387−0044
Email: MKhouri@Khourilaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: Retained

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Opening)** | |
|---|---|
| None | |

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Terminated)** | |
|---|---|
| None | |

| **Complaints** | **Disposition** |
|---|---|
| 18:1546.F−FRAUD AND MISUSE OF VISAS/PERMITS | Commitment to Central District of California, Los Angeles Division. Case #2:22−MJ−2078−DUTY. |

### Plaintiff

**USA**  represented by  **Duty AUSA−El Paso**
U.S. Attorney's Office

Email: usatxw−ecfepduty@usdoj.gov  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 05/26/2022 | 1 | 5 | Arrest (Rule 5/Rule 32.1) Central District of California, Los Angeles Division, Case # 2:22−mj−2078−DUTY as to Kevin Alan Glass (mg2) (Entered: 05/31/2022) |
| 05/27/2022 | 2 | | NOTICE OF ATTORNEY APPEARANCE: Michael John Khouri appearing for Kevin Alan Glass (mg2) (Entered: 05/31/2022) |
| 05/27/2022 | 3 | | Minute Entry for proceedings held before Judge Anne T. Berton:Initial Appearance in Rule 5(c)(3)/ Rule 32.1 Proceedings as to Kevin Alan Glass held on 5/27/2022 (Minute entry documents are not available electronically.), Spanish Language Interpreter NOT required as to Kevin Alan Glass (Court Reporter ERO/ZOOM.) (mg2) (Entered: 05/31/2022) |
| 05/27/2022 | | | ORAL ORDER OF TEMPORARY DETENTION: NO BOND SET as to Kevin Alan Glass by Judge Anne T. Berton. (mg2) (Entered: 05/31/2022) |
| 05/27/2022 | 4 | | ORDER SETTING IDENTITY /PRELIMINDARY/DETENTION HEARING by VIDEO ZOOM as to Kevin Alan Glass, ( Detention Hearing set for 6/2/2022 10:00 AM before Judge Anne T. Berton,, Identity Hearing set for 6/2/2022 10:00 AM before Judge Anne T. Berton,, Preliminary Hearing set for 6/2/2022 10:00 AM before Judge Anne T. Berton,), Order Regarding Due Process Protections Act as to Kevin Alan Glass. Signed by Judge Anne T. Berton. (mg2) (Entered: 05/31/2022) |
| 05/27/2022 | 5 | | CJA 23 Financial Affidavit by Kevin Alan Glass (SEALED pursuant to E−Government Act of 2002). (mg2) (Entered: 05/31/2022) |
| 06/01/2022 | 6 | | WAIVER − Rule 5/Rule 32.1 as to Kevin Alan Glass. (mg2) (Entered: 06/02/2022) |
| 06/03/2022 | 7 | | ORDER OF DETENTION: DETAIN WITHOUT BOND as to Kevin Alan Glass. Signed by Judge Anne T. Berton. (mg2) (Entered: 06/06/2022) |
| 06/03/2022 | 8 | 4 | REMOVAL ORDER as to Kevin Alan Glass. Signed by Judge Anne T. Berton. (mg2) (Entered: 06/06/2022) |
| 06/03/2022 | 9 | 3 | COMMITMENT TO ANOTHER DISTRICT/DIVISION as to Kevin Alan Glass. Defendant committed to CENTRAL DISTRICT OF CALIFORNIA.. Signed by Judge Anne T. Berton. (mg2) (Entered: 06/06/2022) |

AO 94 (Rev. 06/09) Commitment to Another District

FILED

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

JUN 0 3 2022

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. EP:22-M-01282(1)-ATB |
| KEVIN ALAN GLASS | ) | |
| | ) | Charging District's |
| _____ | ) | Case No. 2:22-MJ-2078-DUTY |
| *Defendant* | ) | |

## COMMITMENT TO ANOTHER DISTRICT

The defendant has been ordered to appear in the ____Central____ District of ____California____,
*(if applicable)* ____Los Angeles____ division. The defendant may need an interpreter for this language:
_____.

The defendant:  ☑ will retain an attorney.

☐ is requesting court-appointed counsel.

The defendant remains in custody after the initial appearance.

**IT IS ORDERED:** The United States marshal must transport the defendant, together with a copy of this order, to the charging district and deliver the defendant to the United States marshal for that district, or to another officer authorized to receive the defendant. The marshal or officer in the charging district should immediately notify the United States attorney and the clerk of court for that district of the defendant's arrival so that further proceedings may be promptly scheduled. The clerk of this district must promptly transmit the papers and any bail to the charging district.

Date: ____06/03/2022____

_____
*Judge's signature*

____ANNE T. BERTON, U.S. MAGISTRATE JUDGE____
*Printed name and title*

3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. EP:22-M-01282(1)-ATB |
| v. | ) | (Charging District: Central District of California |
| | ) | Los Angeles Division |
| KEVIN ALAN GLASS | ) | Case No. 2:22-MJ-2078-DUTY) |

**FILED**
JUN 0 3 2022
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

## REMOVAL ORDER

On May 27, 2022, the above named Defendant appeared for an Initial Appearance before the undersigned having been arrested on a warrant for arrest issued out of the United States District Court for the Central District of California, Los Angeles Division. Defendant retained Attorney Michael J. Khouri to represent him. The Government filed a Motion to Detain the Defendant without Bond, and Identity, Preliminary and Detention hearings were set for June 2, 2022.

On this date, came to be heard the Identity, Preliminary and Detention hearings. The Defendant executed a Waiver of Rule 5 Proceedings wherein he waived the Identity, Preliminary and Detention hearings in this district but requested that any Preliminary and Detention hearings to which he may be entitled be held in the prosecuting district. The Court, therefore, finds that the above Defendant is the Defendant named in the Warrant for Arrest and has entered an Order detaining the Defendant without bond.

The Defendant having had an opportunity to confer with counsel, it is hereby ORDERED that the Marshal Service transport and deliver the Defendant to the Central District of California, Los Angeles Division, Los Angeles, California.

**SIGNED** and **ENTERED** on June 3, 2022.

ANNE T. BERTON
UNITED STATES MAGISTRATE JUDGE

AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)   ☐ Original   ☐ Duplicate Original

FILED
May 27, 2022
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: Cecie Rodriguez
DEPUTY

LODGED
5/25/2022
CENTRAL DISTRICT OF CALIFORNIA
BY    VAM    DEPUTY

# UNITED STATES DISTRICT COURT
for the
Central District of California

FILED
CLERK, U.S. DISTRICT COURT
May 25, 2022
CENTRAL DISTRICT OF CALIFORNIA
BY:   MR   DEPUTY

United States of America
v.
Kevin Alan Glass,

Defendant(s)

Case No. 2:22-mj-02078-DUTY

EP:22-MJ _1282_ ATB

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of April 19, 2019, in the county of Los Angeles in the Central District of California, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1542 | False Statement in Passport Application |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/ Kevin Coffey
Complainant's signature

Kevin Coffey, DSS Special Agent
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: May 25, 2022

Judge's signature

City and state: Los Angeles, California

Hon. Pedro V. Castillo, U.S. Magistrate Judge
Printed name and title

AUSA: Julia Hu (x3802)

5

**AFFIDAVIT**

I, Kevin Coffey, being duly sworn, declare and state as follows:

### I. PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a criminal complaint and arrest warrant against KEVIN ALAN GLASS ("GLASS") for a violation of Title 18, United States Code, Section 1542 (Passport Fraud).

2. The facts set forth in this affidavit are based upon my personal observations; my training and experience; and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and arrest warrant and does not purport to set forth all of my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and part only, and all dates are approximate.

### II. BACKGROUND OF SPECIAL AGENT COFFEY

3. I am a Special Agent with the United States Department of State, Diplomatic Security Service ("DSS"), currently assigned to the Los Angeles Field Office. I have been employed as a Special Agent since 2021. My duties include conducting passport and visa fraud investigations.

4. I completed the Federal Law Enforcement Training Center's Criminal Investigator Training Program and the Diplomatic Security Center's Basic Special Agent Course where I

received specialized training in conducting investigations of federal offenses including passport fraud, visa fraud, and identity fraud.

### III. SUMMARY OF PROBABLE CAUSE

5. In April 2019, GLASS submitted a U.S. passport application purporting to be M.D.M. at a post office in Long Beach, California. At the time, GLASS had an outstanding warrant for attempted murder. GLASS fled to the Dominican Republic and was arrested there in November 2020.

6. In October 2020, DSS agents interviewed M.D.M. and his mother, J.M. Both M.D.M. and J.M. reviewed the photograph submitted in connection with the April 2019 passport application and identified the individual as GLASS, who had been an acquaintance of M.D.M.'s. M.D.M. stated that he did not know how GLASS obtained his identity documents and that he did not give GLASS permission to use his identity or to submit a passport application in his name.

### IV. STATEMENT OF PROBABLE CAUSE

7. Based on my review of law enforcement reports, conversations with other law enforcement agents, and my own knowledge of the investigation, I am aware of the following:

**A. In March 2018, the West Covina Police Department Obtained an Arrest Warrant for GLASS for Attempted Murder**

    a. According to reports from West Covina Police Department officers:

    b. On March 28, 2018, GLASS broke into his ex-girlfriend's residence, assaulted her, and then fled.

2

   c. That same day, West Covina Police officers obtained an arrest warrant against GLASS for attempted murder, in violation of California Penal Code Sections 187 and 664; burglary, in violation of California Penal Code Section 459; robbery, in violation of California Penal Code Section 211; domestic violence causing visible injury, in violation of California Penal Code Section 273.5; and criminal threats, in violation of California Penal Code Section 422.

  **B.** **In April 2019, GLASS Submitted a U.S. Passport Application Using Another Person's Identity**

 8. Based on my review of Department of State records, I know the following:

   a. On April 19, 2019, an individual (later identified as GLASS) submitted a Form DS-11, Application for a United States Passport in M.D.M.'s name at the United States Post Office in Long Beach, California (the "2019 Application").

   b. In the 2019 Application, GLASS represented himself as a U.S. Citizen, swore under oath to the acceptance clerk that the information in the passport application was a true likeness of him, and signed the application in the presence of an acceptance clerk.

   c. As proof of identity and citizenship, GLASS presented a California driver's license and California birth certificate with M.D.M.'s real personal identifying information.

 9. A fraud manager referred the 2019 Application to the DSS in Los Angeles because some of the information presented in the application did match the information submitted in a

previous passport application in M.D.M.'s name on August 8, 2013, to the Charleston Passport Center (the "2013 Application"). Specifically, the fraud manager identified the following discrepancies:

    a.    The passport photograph that was submitted with the 2019 Application did not match the photograph that was submitted with the 2013 Application. Nor did the passport photograph in the 2019 Application in M.D.M.'s name appear to match a California DMV photograph of M.D.M.

    b.    Facial recognition software linked the photograph that was submitted as part of the 2019 Application to GLASS, who had applied for and received a U.S. Passport in his own name in 2010 (the "2010 Application").

    c.    The handwriting on the 2010 Application in GLASS's name appeared to resemble the handwriting on the 2019 Application in M.D.M.'s name.

    d.    Although the 2019 Application stated that M.D.M. had never applied for a passport before, a passport card was issued to M.D.M. based on the 2013 Application.

    e.    The mailing address listed on the 2019 Application was linked to a commercial location, not a residential area or post office. Law enforcement database checks of the address history of M.D.M. confirmed that the mailing address was not associated with M.D.M.

    f.    The signature on the 2019 Application in M.D.M.'s name did not appear to match the signature on the 2013 Application in M.D.M.'s name.

### C. M.D.M. and J.M. Identify GLASS as the Individual Depicted in the 2019 Application

10. Based on my review of law enforcement reports and written witness statements, I know the following.

11. On October 18, 2020, DSS agents interviewed J.M., who was listed as M.D.M.'s mother on both the 2019 Application and 2013 Application in M.D.M.'s name.

    a. J.M. confirmed that the photograph submitted with the 2013 Application was her son, M.D.M.

    b. J.M. identified the photograph submitted with the 2019 Application as M.D.M.'s friend, "Kevin," which is GLASS's first name.

12. On October 18, 2020, DSS agents interviewed M.D.M.

    a. M.D.M. confirmed that the applicant in the 2019 Application was his friend, GLASS, and not him.

    b. M.D.M. stated he was unaware of how GLASS acquired his identity documents and never would have given GLASS permission to use his identity.

    c. M.D.M. further stated that several discrepancies had been found on his credit report.

### D. In May 2022, GLASS Applied for a U.S. Passport at the El Paso Passport Center

13. Based on my review of law enforcement reports and conversations with law enforcement agents, I know the following:

14. On November 12, 2020, United States Marshal Service and DSS agents arrested GLASS in the Dominican Republic. At the time of his arrest, GLASS had a fraudulent New York driver's license on him.

15. On January 28, 2022, according to law enforcement databases, GLASS was convicted of two counts of inflicting corporal injury on a domestic partner, in violation of California Penal Code Section 273.5(a), in the Superior Court for the State of California, County of Los Angeles, Case No. XEAKA1779801.

16. On May 24, 2022, according to Department of State records, GLASS submitted a U.S. Passport application at the El Paso Passport Center in El Paso, Texas (the "2022 Application"). GLASS applied for the passport in his own name.

17. In response to a question on the 2022 Application that required GLASS to "List all other names you have used," GLASS did not list any other names.

### V. **CONCLUSION**

18. For all of the reasons described above, there is probable cause to believe that GLASS has committed a violation of Title 18, United States Code, Section 1542 (Passport Fraud).

Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this <u>25th</u> day of May,
2022.

_____
THE HONORABLE PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE

**FILED**
May 27, 2022
CLERK, U.S. DISTRICT COURT
~~WESTERN DISTRICT OF~~ TEXAS
BY: __Cecie Rodriguez__
DEPUTY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | **WARRANT FOR ARREST** |
|---|---|
| PLAINTIFF, | EP:22-MJ__1282__ATB |
| v. | ON COMPLAINT |
| KEVIN ALAN GLASS, | |
| DEFENDANT(S) | CASE NO.: 2:22-mj-02078-DUTY |

To:   UNITED STATES MARSHAL AND ANY AUTHORIZED UNITED STATES OFFICER

**YOU ARE HEREBY COMMANDED** to arrest **KEVIN ALAN GLASS** and bring him/her forthwith to the nearest Magistrate Judge to answer a complaint charging him with False Statement in a Passport Application, in violation of Title 18, United States Code, Section 1542.

REC: BY AUSA       [Detention]

May 25, 2022
Date

Honorable Pedro v. Castillo

Signature of Magistrate Judge

### RETURN
This warrant was received and executed with the arrest of the above-named defendant at (location):

El Paso County Detention Center, 601 E Overland Ave, El Paso, TX 79901

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| 5/25/22 | Lindsey Muschkat, Special Agent | Lindsey Muschkat |
| DATE OF ARREST | | |
| 5/26/22 | | |

DESCRIPTIVE INFORMATION FOR DEFENDANT CONTAINED ON PAGE TWO

WARRANT FOR ARREST ON COMPLAINT          Page 1 of 2

12

TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JULIA HU (Cal. Bar No. 338226)
Assistant United States Attorney
General Crimes Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3802
    Facsimile: (213) 894-6269
    E-mail: julia.hu@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED
May 25, 2022
CENTRAL DISTRICT OF CALIFORNIA
BY: MR DEPUTY

FILED
May 27, 2022
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: Cecie Rodriguez
DEPUTY

EP:22-MJ-1282-ATB

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:22-mj-02078-DUTY |
|---|---|
| Plaintiff, | GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION |
| v. | |
| KEVIN ALAN GLASS, | |
| Defendant. | |

Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

☐ 1.   Temporary 10-day Detention Requested (§ 3142(d)) on the following grounds:

    ☐ a.   present offense committed while defendant was on release pending (felony trial),

    ☐ b.   defendant is an alien not lawfully admitted for permanent residence; and

    ☐ c.   defendant may flee; or

| | | | |
|---|---|---|---|
| 1 | ☐ | d. | pose a danger to another or the community. |
| 2 | ☒ | 2. | Pretrial Detention Requested (§ 3142(e)) because no |
| 3 | | | condition or combination of conditions will reasonably |
| 4 | | | assure: |
| 5 | ☒ | a. | the appearance of the defendant as required; |
| 6 | ☒ | b. | safety of any other person and the community. |
| 7 | ☐ | 3. | Detention Requested Pending Supervised Release/Probation |
| 8 | | | Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C. |
| 9 | | | § 3143(a)): |
| 10 | ☐ | a. | defendant cannot establish by clear and convincing |
| 11 | | | evidence that he/she will not pose a danger to any |
| 12 | | | other person or to the community; |
| 13 | ☐ | b. | defendant cannot establish by clear and convincing |
| 14 | | | evidence that he/she will not flee. |
| 15 | ☐ | 4. | Presumptions Applicable to Pretrial Detention (18 U.S.C. |
| 16 | | | § 3142(e)): |
| 17 | ☐ | a. | Title 21 or Maritime Drug Law Enforcement Act ("MDLEA") |
| 18 | | | (46 U.S.C. App. 1901 et seq.) offense with 10-year or |
| 19 | | | greater maximum penalty (presumption of danger to |
| 20 | | | community and flight risk); |
| 21 | ☐ | b. | offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or |
| 22 | | | 2332b(g)(5)(B) with 10-year or greater maximum penalty |
| 23 | | | (presumption of danger to community and flight risk); |
| 24 | ☐ | c. | offense involving a minor victim under 18 U.S.C. |
| 25 | | | §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, |
| 26 | | | 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4), |

|   |   |   |   |
|---|---|---|---|
| 1 |   |   | 2260, 2421, 2422, 2423 or 2425 (presumption of danger |
| 2 |   |   | to community and flight risk); |
| 3 | ☐ | d. | defendant currently charged with an offense described |
|   |   |   | in paragraph 5a - 5e below, AND defendant was previously convicted of an offense described in paragraph 5a - 5e below (whether Federal or State/local), AND that previous offense was committed while defendant was on release pending trial, AND the current offense was committed within five years of conviction or release from prison on the above-described previous conviction (presumption of danger to community). |
| 13 | ☒ | 5. | Government Is Entitled to Detention Hearing Under § 3142(f) If the Case Involves: |
| 15 | ☐ | a. | a crime of violence (as defined in 18 U.S.C. § 3156(a)(4)) or Federal crime of terrorism (as defined in 18 U.S.C. § 2332b(g)(5)(B)) for which maximum sentence is 10 years' imprisonment or more; |
| 19 | ☐ | b. | an offense for which maximum sentence is life imprisonment or death; |
| 21 | ☐ | c. | Title 21 or MDLEA offense for which maximum sentence is 10 years' imprisonment or more; |
| 23 | ☐ | d. | any felony if defendant has two or more convictions for a crime set forth in a-c above or for an offense under state or local law that would qualify under a, b, or c if federal jurisdiction were present, or a combination or such offenses; |

1  ☐  e.  any felony not otherwise a crime of violence that involves a minor victim or the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921), or any other dangerous weapon, or involves a failure to register under 18 U.S.C. § 2250;

☒  f.  serious risk defendant will flee;

☐  g.  serious risk defendant will (obstruct or attempt to obstruct justice) or (threaten, injure, or intimidate prospective witness or juror, or attempt to do so).

☐  6.  Government requests continuance of _____ days for detention hearing under § 3142(f) and based upon the following reason(s):

_____

_____

_____

_____

//
//
//
//
//
//
//
//
//
//
//
//

4

16

☐ 7. Good cause for continuance in excess of three days exists in that:

_____

_____

_____

_____

Dated: May 25, 2022            Respectfully submitted,

                               TRACY L. WILKISON
                               United States Attorney

                               SCOTT M. GARRINGER
                               Assistant United States Attorney
                               Chief, Criminal Division


                                /s/
                               JULIA HU
                               Assistant United States Attorney

                               Attorneys for Plaintiff
                               UNITED STATES OF AMERICA

5

17